**Keith McHENRY; Eric Warren, Plaintiffs–Appellants,**

v.

**Louise RENNE; John Willett; Charles Gallman; Frank Reed; Mary Burns; Timothy Hettrich; (Fnu) Blackwell; Edward Garcia; Mark Hernandez; Robert Battaglia; Robert J. Brodnik; S. Quadrelli; R. Farris, # 12212; John Does 1–10; Dirk Beijen; Richard Hongisto; Russell Matli # 1751 and the City and County of San Francisco, Defendants–Appellees.**

No. 94–15179.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 1995.

Decided May 28, 1996.

---

**1174**

Randy Baker, Berkeley, California, for plaintiffs-appellants.

Margaret W. Baumgartner, Deputy City Attorney, San Francisco, California, for defendants-appellees.

Before: GOODWIN, FARRIS and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

The district judge dismissed plaintiffs' complaint under Federal Rules of Civil Procedure 8, 12, and 41 because it did not contain a short and plain statement of their claims for relief, did not give defendants a fair opportunity to frame a responsive pleading, and did not give the court a clear statement of claims. The district court had given plaintiffs three opportunities to amend the complaint in accord with the judge's instructions, but the third amended complaint restated the prior ones without curing their deficiencies. We affirm.

## FACTS

We take the facts from plaintiffs' third amended complaint as best we can. Because it is fifty-three pages long, and mixes allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way, we cannot be sure that we have correctly understood all the averments. If we have not, plaintiffs have only themselves to blame.

According to the complaint, plaintiff McHenry made it a practice to give out free food and political literature in city parks. The Mayor, City Attorney, Chief of Police, and other public officials and police officers in San Francisco conspired to harass McHenry with unreasonable arrests on such charges as failure to obtain the permits required to display signs in parks or to distribute food to the public. McHenry alleges that he was physically assaulted by, or at the direction of, various defendants and charged with driving on a suspended license.

The City obtained a preliminary injunction in the California Superior Court prohibiting McHenry from distributing food without the necessary health and park permits. He alleges that the City changed its regulations in bad faith to deny him a permit and that the City's initiation of legal proceedings charging McHenry with contempt for violating the state injunction by distributing food without a permit was in bad faith. The complaint also alleges that plaintiff Warren had been protesting the police treatment of McHenry and suffered a retaliatory arrest as a result.

Plaintiffs initial complaint was thirty-five pages and alleged various causes of action under 42 U.S.C. § 1983. Plaintiffs did not serve this complaint, but instead filed an amended complaint dropping Andrea McHenry as a plaintiff and adding various defendants.

The thirty-seven page amended complaint is mostly an extended narrative of the details of the various activities of plaintiff McHenry, and his numerous alleged arrests. At the end of his complaint, plaintiff McHenry purports to set out two counts, one for damages and one for declaratory and injunctive relief. McHenry's claims are set out in a single sentence thirty lines long, alleging numerous and different violations of rights, without any specification of which of the twenty named defendants or John Does is liable for which of the wrongs. Another, similar, paragraph lays out the claims on behalf of plaintiff Warren. The only specificity given is that no punitive damages are sought from the City of San Francisco and no damages are sought from defendant Superior Court of California. This complaint was part of a long history of complaints against the City and County of San Francisco and its employees, from elected officials to gardeners, claiming that each arrest of McHenry was part of a broad conspiracy to interfere with his constitutional rights.

The City moved to dismiss for failure to comply with Federal Rules of Civil Procedure 8(a) and 12(e). It moved to dismiss some of the apparent claims on the basis of the statute of limitations, absolute and qualified immunity, collateral estoppel, and the State Tort Claims Act.

The district judge wrote a thorough and careful order dismissing this first amended complaint without prejudice. The court particularly noted the impossibility of figuring out which defendants were allegedly liable for which wrongs, and noted the obvious bars to a number of the apparent claims:

> Plaintiffs have made sweeping allegations against the city and various government employees, but the complaint frequently does not make clear connections between specific allegations and individual defendants. Defendants charge that the vague wording of the complaint makes it excessively difficult for individual defendants to formulate proper defenses and subject the city and others to unnecessary discovery.
>
> . . .
>
> Plaintiffs complaint does provide specific allegations of fact to support the claim that defendants have intentionally deprived plaintiffs of their constitutional rights. Nevertheless, as the complaint stands now it does not properly notify individual defendants of the allegations with which they are charged. Given the number and diversity of named defendants and the breadth of the allegations, claims which vaguely refer to "defendants" or "other responsible authorities" will not suffice. Defendants' motion for a more definite statement pursuant to F.R.C.P. 12(e), is granted, and plaintiffs are ordered to file a second amended complaint which clearly and concisely explains which allegations are relevant to which defendants.
>
> . . .
>
> Many of the named defendants may be able to assert absolute or qualified immunity as a defense, but unfortunately plaintiffs' complaint does not provide enough detail for the court to determine the appropriateness of these defenses at this time. For this reason, defendants' motion to dis-

miss on the immunity grounds is denied without prejudice. Defendants may refile the motion once plaintiffs have submitted a second amended complaint.

The court also ordered plaintiffs to show cause why defendants not served within 120 days should not be dismissed under Federal Rule of Civil Procedure 4(j). Subsequently, the court dismissed the claims against those defendants where plaintiffs had not shown any substantial reasons for late service, but denied the motions to dismiss where plaintiffs had shown good cause for the delay.

Plaintiffs then filed a second amended complaint, which contained identically argumentative and prolix allegations, but added a section at the end in which the conduct attributed to each defendant was outlined. The complaint was now forty-three pages. The section naming particular defendants linked them up with parts of the narrative, but still did not tell them of what constitutional torts they were accused.

The court again dismissed without prejudice. The district judge wrote another careful order, this time giving plaintiffs specific instructions on how to rewrite their complaint so that it could be adjudicated:

> In its order of October 8, 1992, this court dismissed plaintiff's first amended complaint without prejudice because it failed to provide the individual defendants with proper notice of the claims being asserted against them and, as such, did not afford defendants a fair opportunity to assert immunity defenses. Plaintiffs response to this order, the second amended complaint, largely mirrors the narrative ramblings of the first amended complaint except that it also includes a section entitled "Summary of Allegations Against Individual Defendants." Plaintiffs contend that this section of their otherwise deficient complaint ameliorates any problems which defendants may have had in formulating qualified immunity defenses. Defendants have now moved to dismiss the second amended complaint, reasserting the argument that the complaint is too vague to enable defendants to frame a responsive pleading, FRCP 12(e), and alternatively submitting that all of the individual defendants are

entitled to qualified or absolute immunity from plaintiffs' claims.

Plaintiff's complaint fails to comply with the court's directive to explain clearly how each defendant is implicated by plaintiffs' allegations. For no apparent reason and though they are represented by counsel, plaintiffs have consistently eschewed the traditional pleading style which prescribes a "short and plain statement" of basic allegations followed by an outline of each legal claim based on specific allegations of fact. Instead, plaintiffs have re-submitted their complaint in its original novelized form, with only their new "Summary" directed at delineating their allegations. While plaintiffs' "Summary" does attempt to link plaintiffs' fact allegations to specific defendants, it does nothing to inform defendants of the *legal* claims being asserted. In wholly inadequate fashion, plaintiffs present their legal claims in a mere two paragraphs in the form of an undifferentiated list near the end of the forty-three page complaint. See Second Amended Complaint, ¶¶ 94 and 104.

Because plaintiffs' second amended complaint still does not provide defendants with a fair opportunity to frame a responsive pleading, defendants' motion to dismiss pursuant to FRCP 12(e) is GRANTED. Plaintiffs shall have one last opportunity to file a proper complaint which states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights. *See Branch v. Tunnell,* 937 F.2d 1382, 1386 (9th Cir.1991). In conforming with this order, plaintiffs would be well advised to edit or eliminate their twenty-six page introduction and focus on linking their factual allegations to actual legal claims. The purpose of the court system is not, after all, to provide a forum for storytelling or political griping, but to resolve legal disputes.

Unfortunately, it is impossible properly to consider defendants' immunity defenses at this time, because immunity will attach only for specific claims. After plaintiffs have submitted their final pleading, the court will reconsider defendants' motion to dismiss based on immunity.

SO ORDERED.

The complaint is, as the district court said, mostly, "narrative ramblings" and "storytelling or political griping." It is not in what the district court called "the traditional pleading style which prescribes a short and plain statement," and it does not provide defendants notice of what legal claims are asserted against which defendants.

Plaintiffs did not obey the judge's instructions to file a complaint "which states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and his instructions to "edit their twenty-six page introduction and focus on linking their factual allegations to actual legal claims." Instead, they filed a fifty-three page third amended complaint repeating the vices of the second amended complaint. Instead of editing their twenty-six page introduction, plaintiffs expanded it. The complaint still reads like a magazine story instead of a traditional complaint. This time, the claims for relief designated legal theories on which the relief was based, but the plaintiffs did not specify which defendants were liable on which of the claims. Instead, each claim says "defendants'" conduct violated various rights of plaintiffs, without saying which defendants.

The district court had said in its order dismissing the second amended complaint that plaintiffs would have "one last opportunity to file a proper complaint." After receiving the third amended complaint, the judge noted that it had been submitted "paying little heed to the court's previous orders." The new section spelling out what the claims are "hardly improves matters, as each of the newly delineated claims incorporates 122 paragraphs of confused factual allegations and then merely makes perfunctory reference to a legal claim said to arise from these undifferentiated facts."

The judge was concerned, however, that dismissal with prejudice based on the plaintiff's failure to comply with prior orders "might unfairly punish plaintiffs for their counsel's ineptitude." The judge therefore referred the case to a magistrate for preparation of a "report which assesses the viability of plaintiffs' claims in light of defendants' motion to dismiss."

The magistrate wrote a thirty-page report, recommending dismissal of the complaint on the ground that plaintiffs had failed to comply with the court's order dismissing the second amended complaint. The magistrate also reported that most, but not all, of the claims would be dismissed, even aside from this failure to comply with the court order because they failed to state claims upon which relief could be granted and on other grounds. The magistrate also noted that "no attempt is made to match up the specific factual allegations and the specific legal claims to a specific defendant. The result is that defendants and this court are literally guessing as to what facts support the legal claims being asserted against certain defendants."

The court then dismissed plaintiffs' complaint with prejudice, and noted that "the prior complaints presented long-winded tales of municipal conspiracy and police misconduct, but failed properly to notify the individual defendants of the legal claims they faced.... The larger part of this new complaint restates the second amended complaint without curing any of that prior complaint's deficiencies." The judge decided that "another order to dismiss with leave to replead would serve no purpose but to exacerbate the cost of this action to all concerned parties," and entered the dismissal.

## ANALYSIS

We review dismissal of a complaint with prejudice for failure to comply with a court's order to amend the complaint to comply with Rule 8 for abuse of discretion. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir.1981); *Schmidt v. Herrmann*, 614 F.2d 1221, 1223–24 (9th Cir.1980). The judge in this case dismissed the case pursuant to Federal Rule of Civil Procedure 41(b) for violation of a court order. The court order was pursuant to Federal Rule of Civil Procedure 8(e)(1), requiring that "each averment of a pleading shall be simple, concise, and direct." It was also pursuant to Rule 12(e), authorizing the court to strike a pleading or make such other order as it deems just, if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," and the judge has already issued an order for a more definite statement which order was not complied with. The district judge's evaluation of whether the plaintiff complied with his order "is entitled to considerable weight." *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1051 (9th Cir.1971).

The Federal Rules require that averments "be simple, concise, and direct." The drafters of the rules anticipated that some lawyers and judges, particularly in code pleading states with different rules, might not understand just what was meant. Accordingly, Federal Rule of Civil Procedure 84 provided for an official Appendix of Forms "intended to indicate the simplicity and brevity of statement which the rules contemplate." The complaints in the official Appendix of Forms are dramatically short and plain. For example, the standard negligence complaint consists of three short paragraphs:

1. Allegation of jurisdiction.

2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

Fed.R.Civ.P. Form 9. This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes.

By contrast, the complaint in the case at bar is argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information. For example, the complaint explains that plaintiff McHenry cofounded his political organization in Cambridge, Massachusetts in

1980, which is irrelevant. It explains that McHenry's organization adheres to "the principles of non-violence developed by Gandhi and King," also irrelevant. It tells what brand of motorbikes the police officers who arrested people rode, and points out that a journalist was injured by a police officer at one of the mass arrests at Food Not Bombs distributions. It describes in detail settlement negotiations which Food Not Bombs had at various times and in various other law suits, telling what a United States district judge told the City he was considering in a settlement conference in another lawsuit. It accuses persons other than the defendants of having "falsely told members of the press" about an injunction. The complaint says, and illustrates with a dramatic illustration of the mayor rising from his desk chair, that Mayor Agnos seemed quite angry when he met with McHenry.

None of this material has any resemblance to the sample pleadings in the official Appendix of Forms. Rather than set out the basis for a lawsuit, the pleading seems designed to provide quotations for newspaper stories. Despite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery.

Plaintiffs urge that heightened standards of pleading applicable to some of their constitutional tort claims required the kind of pleading they filed. We assume without deciding that the claims plaintiffs sought to plead were subject to a heightened pleading standard. *Compare Leatherman v. Tarrant County Narcotics Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (rejecting a heightened pleading standard in civil rights cases alleging municipal liability as inconsistent with a liberal system of notice pleading); *with Branch v. Tunnell,* 937 F.2d 1382, 1387 (9th Cir.1991) (adopting a heightened pleading standard in cases where subjective intent is an element of a constitutional tort action); *Branch v. Tunnell,* 14 F.3d 449, 455–57 (9th Cir.1994).

■ A heightened pleading standard is not an invitation to disregard's Rule 8's requirement of simplicity, directness, and clari-

ty. The "particularity" requirement of a heightened pleading standard, requiring "nonconclusory allegations containing evidence of unlawful intent," as opposed to "bare allegations of improper purpose," has among its purposes the avoidance of unnecessary discovery. *Branch,* 937 F.2d at 1386. If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose is defeated. Only by months or years of discovery and motions can each defendant find out what he is being sued for. The expense and burden of such litigation promotes settlements based on the anticipated litigation expense rather than protecting immunity from suit. Judgment and discretion must be applied by district judges to determine when a pleading subject to a heightened pleading standard has violated Rule 8, but there is nothing unusual about a standard requiring judges to exercise judgment and discretion. We have affirmed dismissal with prejudice for failure to obey a court order to file a short and plain statement of the claim as required by Rule 8, even where the heightened standard of pleading under Rule 9 applied. *Schmidt v. Herrmann,* 614 F.2d at 1223–24. In *Schmidt,* as in the case at bar, the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action.

■ Dismissal with prejudice of a complaint under Rule 41(b) is a harsh remedy, so we look to see whether the district court might have adopted less drastic alternatives. *Nevijel v. North Coast Life Insurance,* 651 F.2d at 674. The district judge should first consider less drastic alternatives, but "need not exhaust them all before finally dismissing a case." *Von Poppenheim,* 442 F.2d at 1054; *Nevijel,* 651 F.2d at 674. The district judge in the case at bar had used less drastic alternatives, such as permitting plaintiffs to replead twice. He considered the less drastic alternative of allowing plaintiffs to replead again, but decided based on plaintiffs' viola-

tion of his previous orders that repleading would be futile.

■ The "harshness of a dismissal with prejudice is directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial. Since harshness is a key consideration in the district judge's exercise of discretion, it is appropriate that he consider the strength of a plaintiff's case if such information is available to him before determining whether dismissal with prejudice is appropriate." *Von Poppenheim,* 442 F.2d at 1053 n. 4. In the case at bar, the district judge did consider the strength of the plaintiffs' case. He determined that much of the complaint failed to state claims on which relief could be granted, or would be barred by statutes of limitation and immunities. We do not suggest that the referral to the magistrate and the extensive, thorough analysis performed by the magistrate were prerequisites for dismissal. They amounted to an especially careful approach to determining that in this particular case, dismissal with prejudice was really not very harsh, because if the complaint were not dismissed under Rule 8, most of it would be dismissed anyway without ever reaching the merits.

The burden imposed by plaintiffs on defendants in related litigation was appropriately considered by the district court. The district court noted that plaintiffs had filed a 108 page complaint and alleged 80 causes of action in a case against the City in state court, *McHenry v. Agnos,* San Francisco Superior Court Case No. 941976, and a 66 page Fourth Amended complaint in another related state case. *McHenry v. Agnos,* San Francisco Superior Court Case No. 927–377. This kind of history "supports the conclusion that the trial court's dismissal of this action was not an abuse of discretion," in part because "appellees herein have had to spend a large amount of time and money defending against [appellants] poorly drafted proceedings in this and related actions." *Nevijel,* 651 F.2d at 674–75.

■ The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. The magistrate was able to identify a few possible claims which were not, on their face, subject to being dismissed under Rule 12(b)(6). Rule 8(e), requiring each averment of a pleading to be "simple, concise, and direct," applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6). *See Nevijel,* 651 F.2d at 673; *Von Poppenheim,* 442 F.2d at 1053 n. 4.

Plaintiffs urge that the district court order governing their second amended complaint, which they violated, was inconsistent with *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223–24 (9th Cir.1990). In the order dismissing the second amended complaint, the judge instructed the plaintiffs to "file a proper complaint which states clearly how each and every defendant was alleged to have violated plaintiffs' legal rights." This was a reformulation of the instruction the judge gave when he dismissed the first amended complaint, that the plaintiffs file a pleading "which clearly and concisely explains which allegations are relevant to which defendants." We held in *McCalden* that a plaintiff "is not required to state the statutory or constitutional basis for his claim, only the facts underlying it." *Id.* at 1223.

■ There are two reasons why plaintiffs' argument from *McCalden* is wrong. First, the defect to which the judge was alluding was failure to say which wrongs were committed by which defendants, not failure to identify the statutes or constitutional provisions making the conduct wrong. Second, even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated. Fed.R.Civ.P. 41(b).

■ Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what.

Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. "[T]he rights of the defendants to be free from costly and harassing litigation must be considered." *Von Poppenheim* at 1054.

The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed. "[T]he rights of litigants awaiting their turns to have other matters resolved must be considered...." *Nevijel,* 651 F.2d at 675; *Von Poppenheim,* 442 F.2d at 1054. While commendable in its consideration for plaintiffs in this case, the magistrate's thorough analysis and thirty-page report, and the judge's study of the report, took a great deal of time away from more deserving litigants waiting in line.

▮ Appellants also argue that various substantive bases for dismissal of some of their claims were mistaken. We need not reach those issues, because the district court did not abuse its discretion in dismissing the entire complaint for violation of Rule 8 and of the court's orders.

"The forms of action we have buried, but they still rule us from their graves." F.W. Maitland, *The Forms of Action At Common Law* 2 (A.H. Chaytor and W.J. Whittaker ed.1965)(1909). As Maitland explains, there are good reasons why the forms of action still shape pleadings, though the rules no longer require pleadings to conform to the ancient forms. Pleadings of the kind shaped by the traditional forms enable determination of the competence of the court, the appropriate procedures for the particular type of adjudication, the type of trial, and the

remedies available. *Id.* at 2–3. Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.

AFFIRMED.